————————o————————

## No. 6128.

## ELI JONES vs. TAXI CAB CO., OF NEW ORLEANS.

### On Motion to Dismiss.

### Syllabus.

One cannot do indirectly, what he cannot do directly.

Appeal from the Civil District Court for the Parish of Orleans, Division "D," No. 103,686. Hon Porter Parker, Judge.

H. Kenner, for plaintiff and appellant.

Dupre & Dupre for defendant and appellee.

W. W. Bond, attorney.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Plaintiff sued for $2,500, and his claim was rejected. After judgment he entered a remittitur for all his claim in excess of $2000, and obtained an appeal to this Court.

The general rule is that a remittitur **after judgment** cannot affect the jurisdiction on appeal, which is fixed at the time of judgment.

> 34 An., 865.

But plaintiff bases his right of appeal to this Court upon certain expressions in **123 La., p. 41,** and upon a distinction which he draws between a **remittitur** and an **admission** that his claim is excessive.

As the expression in **123 La., p. 41,** is purely obiter, and in conflict with the general rule we shall not follow it. As to the **distinction** attempted by plaintiff it is obvious that if allowed, a plaintiff might always accomplish **indirectly** by an admission what he cannot accomplish **directly** by remittitur, to-wit, divert the jurisdiction of the Supreme Court which attached at the moment of judgment.

Whether or not that Court in the exercise of its jurisdiction, will dismiss the appeal or retransfer the case, is a matter in which this Court is not concerned.

It is therefore ordered that this appeal be transferred to the Supreme Court of Louisiana upon appellant or his attorney of record making out and filing his affidavit that the appeal was not taken for delay and lodging a transcript of appeal in the Supreme Court within 30 days after this judgment becomes final.

Opinion and decree, June 1st, 1914.

Rehearing refused, June 15th, 1914.

Writ denied, October 26th, 1914.